## Commonwealth *v.* Reilly, Appellant.

Argued March 19, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

354

*James M. Potter,* with him *Liever, Hyman & Potter,* for appellant.

*Ralph J. Althouse, Jr.,* Assistant District Attorney, with him *W. Richard Eshelman,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., April 15, 1965:

Appellant was convicted by a jury of having fraudulently converted to his own use ten United States Treasury Coupon Bonds, payable to bearer of the total face value of $50,000, belonging to Edith M. Land. Motions for a new trial and in arrest of judgment having been refused and judgment of sentence imposed, this appeal followed.

The only question raised by appellant in this appeal is the sufficiency of the evidence to sustain the verdict. He contends that since the only evidence in the case, that of Mrs. Land, is too contradictory and fantastic to be credible, one of his motions should have been granted. Although this Court has the right to grant a new trial when evidence is such as appellant contends this to be, *Commonwealth v. Brown,* 184 Pa. Superior Ct. 494, 136 A. 2d 138 (1957), we conclude, after a careful study of the record, that the testimony of Mrs. Land is not of that nature.

The issue submitted to the jury was whether the bonds had been delivered by Mrs. Land to appellant as a gift or for safekeeping and return to her. The jury rejected appellant's claim of gift and accepted the explanation of Mrs. Land. A verdict either way would find support in this record. The case was properly

submitted to the jury and the issue was one for it to decide.

Judgment of sentence is affirmed and appellant-defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of which had not been performed at the time the appeal was made a supersedeas.