430 A.2d 1192

**COMMONWEALTH of Pennsylvania**

v.

**Marcus POLLARD, Appellant.**

Superior Court of Pennsylvania.

Argued March 3, 1981.

Filed June 12, 1981.

present at the identification under the circumstances complained of by the appellant. *Commonwealth v. Turner*, supra.

S. Robert Levant, Philadelphia, for appellant.

Eric Beller, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WICKERSHAM and BROSKY, JJ.

BROSKY, Judge:

Appellant was convicted of robbery, theft, simple assault, aggravated assault and criminal conspiracy. He was tried without a jury, having waived his right to jury trial. Appellant was represented by counsel. He now argues that his waiver was not a knowing and intelligent one because the meaning of the term "reasonable doubt" was not explained to him during the jury waiver colloquy. We affirm the judgment.

To have made a knowledgeable waiver of his right to jury trial, appellant must have been apprised of the "essential" ingredients of a jury trial. That is, he must have known that a jury would be chosen from members of the community (a jury of one's peers), that the verdict would have to be unanimous, and that the accused is allowed to participate in the selection of a jury panel. *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). Appellant makes no claim that any of these facts was unknown to him. He limits his complaint to the absence of an explanation of the meaning of "reasonable doubt." Such a definition is not included in the "essential" ingredients referred to in *Williams*, supra, and subsequent cases.

We believe the present argument is analogous to one made by the appellant in *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975). In that case, the appellant argued that his waiver of the right to a jury trial was defective because he had not been advised of the possible prison sentences he might receive if convicted. Our Supreme Court held that, "Because appellant 'relinquished no right' regarding sentencing it was unnecessary for the court to inform him of

the sentencing alternatives." *Id.,* 461 Pa. at 26, 334 A.2d at 615.

■ Similarly, the present appellant has waived no rights regarding burden of proof. The trial judge, as the trier of fact, is bound by the same legal principles that bind a jury on burden of proof. *Commonwealth v. Henderson,* 450 Pa. 122, 298 A.2d 891 (1973), (where the appellant had complained that his waiver of jury trial was defective because the colloquy had not included a discussion of self-defense).

During the colloquy held in this case, the appellant was told that the jury, or the judge, if the trial were held without a jury, would have to find him guilty beyond a reasonable doubt. His choice to proceed without a jury effected no change in the prosecutor's burden. No further explanation was necessary.

Judgment of sentence affirmed.