456 A.2d 188

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth QUARLES, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed Jan. 28, 1983.

Petition for Allowance of Appeal Denied May 16, 1983.

Paul Messing, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO, JJ.*

CIRILLO, Judge:

In the instant case, testimony revealed that appellant met with Ivy Crossland, the victim, on April 18, 1979, to discuss an outstanding debt. An argument ensued, appellant walked away from Mr. Crossland, then turned and approached him with a knife, approximately 12 inches in length, and proceeded to slash Mr. Crossland's neck. Mr. Crossland, wounded, came upon a police car and requested assistance, directing the officers to appellant's residence. The officers came upon the appellant attempting to throw away the weapon. The officers thwarted appellant's attempt, and took appellant and weapon into custody.

On September 7, 1979, appellant was found guilty in a nonjury trial of aggravated assault, recklessly endangering another person, and two counts of possessing an instrument of crime. Following the denial of post-trial motions and the imposition of sentence, appellant took this appeal. Because appellant challenged the effectiveness of trial counsel and

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

was represented on the appeal by counsel from the same office, we remanded the matter for the appointment of new counsel. *Commonwealth v. Quarles,* 284 Pa.Super. 473, 426 A.2d 145 (1981). Counsel was appointed, and new briefs were filed. This case is now properly before us.

■ Appellant contends that trial counsel was ineffective in failing to challenge his jury waiver colloquy in post-trial motions. In reviewing allegations of ineffective assistance of counsel, "our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). However, "[i]t is only when the claim which was forgone was of arguable merit that we must make an inquiry into the basis for post-trial counsel's decision not to pursue the matter." *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 696 (1977). Thus, we must first determine whether appellant's jury trial waiver was indeed defective.

Before a defendant may waive his right to a jury trial, Pa.R.Crim.P. 1101 requires the judge to ascertain in an on-the-record colloquy whether the waiver is knowing and intelligent. The instant colloquy was as follows:

[Public Defender]: You understand, do you not, [appellant], that under the Constitution and under the law you have an absolute right to a trial by jury? Do you understand that sir?

[Appellant]: I understand.

[Public Defender]: That, of course, means that you and your lawyer would have a right to select from a panel of Philadelphia voters, 12 people to sit on a jury who would be charged with determining whether you were guilty or not guilty. Do you understand that?

[Appellant]: Yes, sir.

[Public Defender]: Before the jury was seated, you would have the right to ask the Court to exclude any panel member because he was biased or prejudiced, and you

would have the right to have seven panel members excluded simply because you didn't want them to sit on your jury. Do you understand that?

[Appellant]: Yes.

[Public Defender]: If anyone of those 12 people decided you were not guilty, the case would result in a mistrial and the Commonwealth could try you again. Do you understand that?

[Appellant]: Yes.

[Public Defender]: Now, the Judge, of course, would have to apply the same standards that the jury would have to apply, and the same privileges, rights, regulations, and procedural safeguards that apply in a jury trial also apply in a trial before [the trial court]. Do you understand that?

[Appellant]: Yes.

[Public Defender]: Has anybody forced or threatened or coerced or compelled you in any way to give up your right to a jury trial and have your case submitted to [the trial court] on a waiver?

[Appellant]: No.

[Public Defender]: Are you satisfied with my representation as your lawyer?

[Appellant]: Yes.

[Public Defender]: We've discussed this case; had we not?

[Appellant]: Yes.

(N.T. September 7, 1979, at 4–6).

 Appellant contends that the colloquy is defective because he was never informed that the jury must find him guilty beyond a reasonable doubt. Before a knowing and intelligent waiver can be made, a defendant must fully comprehend the significance of the right he is waiving. In a jury trial waiver, the defendant must be aware of the "essential protections inherent in a jury trial as well as the consequences attendant upon a relinquishment of those

safeguards." *Commonwealth v. Morin,* 477 Pa. 80, 85, 383 A.2d 832, 834 (1978).

■ In applying this ratio decidendi to the facts at bar, we fail to see the defect in the lower court's colloquy. While we wholly agree with the proposition that in a jury waiver colloquy a defendant must be informed of the essential protections in a jury trial as well as the consequences attendant upon a relinquishment of those safeguards, *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978), we refuse to find the colloquy in the instant case defective for failing to inform appellant that the jury must find him guilty beyond a reasonable doubt. Therefore, we affirm the judgment of sentence.

■ By definition, a waiver is a relinquishment of a right or remedy. Under the instant fact pattern, the appellant never relinquished his right to have a factfinder determine his guilt beyond a reasonable doubt. Appellant merely relinquished his right to have a jury as a factfinder as opposed to a judge. The requirement that the Commonwealth convince the factfinder that a defendant is guilty beyond a reasonable doubt is not unique to a jury trial; this is the identical burden of proof that is applied in a bench trial.

In *Commonwealth v. Pollard,* 288 Pa.Super. 20, 430 A.2d 1192 (1981), this Court by Judge Brosky held that a trial court need not define the term beyond a reasonable doubt in a jury waiver colloquy. The court continued that the only essential ingredients which a defendant must be advised of are that the jury would be chosen from his community, that the verdict would have to be unanimous and that the defendant is allowed to participate in the selection of the jury panel.

■ Judge Brosky reasoned that the defendant has not waived any rights regarding the burden of proof and, further, that the judge as trier of fact is bound by the same legal principles that bind a jury concerning the burden of proof to be applied, citing *Commonwealth v. Henderson,*

450 Pa. 122, 298 A.2d 891 (1973). Contrary to the dissent's position, we believe that this reasoning equally applies to the case at bar.

This proposition was unequivocally expressed to the appellant in his colloquy, wherein it said:

> Now, the judge, of course, would apply the same standards that the jury would have to apply, the same privileges, rights, regulations and procedural safeguards that apply in a jury trial apply in a trial before the court. Do you understand that?
>
> Yes. (Appellant).

The dissent relies upon the holding in *Morin*, in which it was stated that a defendant in a jury waiver colloquy must be informed that every member of the jury must be convinced, beyond a reasonable doubt, of the accused's guilt. I believe that this reliance is misplaced.

The Supreme Court of Pennsylvania in *Commonwealth v. Greene*, 483 Pa. 195, 394 A.2d 978 (1978), decided subsequently to *Morin*, held as follows:

> The essential ingredients basic to the concept of a jury trial are the requirements that the jury be chosen from members of the community (the defendant's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel.

*Id.*, 483 Pa. at 196, 394 A.2d at 918.

It seems obvious that had the Supreme Court felt that the burden of proof was germane to the defendant's understanding of a jury trial waiver they certainly would have included such in the *Greene* Opinion. A thorough reading of *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973), the case which *Morin* cites for its authority, lends credence to our belief that the language in *Morin*, concerning burden of proof, is surplusage with respect to the elements which *Williams* considered essential to an effective jury trial waiver colloquy. Nowhere in the original *Williams* Opinion does the Supreme Court state that a

defendant must be advised in a jury waiver colloquy that the jury must find him guilty beyond a reasonable doubt.

We are unwilling to find that the trial court's failure to include this surplusage warrants a reversal of an otherwise valid conviction. We refuse to acquiesce in the expansion of criminal rights which culminate in unsound excesses, which impinge upon our citizenry's rights to effective law enforcement and speedy disposition of criminal cases.

In *Commonwealth v. Sanders*, 299 Pa.Super. 410, 445 A.2d 820 (1982), this court stated:

> Nothing in the *Williams* decision indicates that the precise language used in *Williams* must be read to the accused as long as the essential ingredients of a jury trial are explained to him ...

Moreover, the instant case is factually distinguishable from *Morin* in which the defendant was not advised in his colloquy of any of the rights he would be relinquishing by electing to be tried by a judge. *See also, Commonwealth v. Ward*, 483 Pa. 53, 394 A.2d 535 (1978) (defendant was not advised that the jury verdict must be unanimous).

Since the burden of proof remains the same regardless of whether one is tried by a judge or a jury, trial counsel should not be deemed ineffective for failing to raise this meritless claim. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

Additionally, the appellant asserts that the trial court erred in refusing to admit into evidence a prior conviction of the victim Ivy Crossland, which occurred some 22 years before the incident in question. We find this contention wholly frivolous and without merit.

In *Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971), the Supreme Court by Justice Barbieri cogently expressed the law on the relevancy of prior convictions in holding that whenever a defendant raises the issue of self-defense, he may enter evidence of previous arrests, convictions or violent acts of the victim if they are of the same nature, not too distant in time, and the accused

establishes prior knowledge of the victim's acts. This is deemed relevant as it tends to show that the victim's prior aggressiveness created a reasonable fear in the defendant's mind for his own safety. The decision to admit that character evidence, however, rests in the sound discretion of the trial judge, and may not be reversed except for an abuse of this discretion.

We believe that this conviction was too attenuated. We are unable to find any appellate decision in Pennsylvania which has ever upheld the admissibility of a conviction which was more than three years removed. *Commonwealth v. Beck*, 485 Pa. 475, 402 A.2d 1371 (1979). Moreover, the appellant has not alleged knowledge of this conviction. *Commonwealth v. Horne*, 479 Pa. 496, 388 A.2d 1040 (1978); *Commonwealth v. Morris*, 273 Pa.Super. 477, 417 A.2d 748 (1979). *See also*, Federal Rules of Evidence, No. 609(b), 28 U.S.C.A., which statutorily limits evidence of prior convictions to ten years.

Having found each of the appellant's contentions without merit, we are unable to find trial counsel ineffective. Accordingly, we affirm the judgment of sentence.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

Because I cannot agree with the majority that informing a defendant that he must be found guilty beyond a reasonable doubt amounts to mere "surplusage," I dissent.

Pa.R.Crim.P. 1101 requires the lower court to ascertain from the defendant upon the record whether he is knowingly and intelligently waiving his right to a jury trial. The majority "wholly agree[s] with the proposition that in a jury trial waiver colloquy a defendant must be informed of the essential protections in a jury trial as well as the consequences attendant upon a relinquishment of those safeguards." Majority Op. at 191. Those safeguards are "the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be

unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Commonwealth v. Greene,* 483 Pa. 195, 196, 394 A.2d 978 (1978). In reviewing the jury waiver colloquy held below, the majority appears more concerned that certain words are mentioned rather than their concepts understood. Such a mechanistic approach misperceives the purpose of the Rule 1101 colloquy. I fail to see how a defendant can fully understand the essential protections afforded by the unanimity requirement when he is not informed of the standard upon which the jury must agree. The most fundamental protection of our jury system is that each juror must be convinced beyond a reasonable doubt that an accused is guilty of the crime charged. Yet the majority finds such information "surplusage." I believe that the concepts of unanimity and reasonable doubt are so intrinsically intertwined and basic to an understanding of a jury trial that a lower court cannot possible ascertain whether a waiver was knowing and intelligent without first informing the defendant of both concepts. This basic interdependence was acknowledged by our Supreme Court when it enumerated the essential protections of a jury trial as

> that the jury be composed of one's peers chosen from members of the accused's community, that the accused has the right to participate in the selection of the jury, and that every member of the jury must be convinced, *beyond a reasonable doubt,* of the accused's guilt.

*Commonwealth v. Morin,* 477 Pa. 80, 85, 383 A.2d 832, 834 (1978) (emphasis added). The failure of the lower court to inform appellant of the reasonable doubt standard precluded it from ascertaining whether appellant's waiver was knowing and intelligent, and thus, mandates, reversal.

Moreover, the failure to inform appellant of the reasonable doubt standard is particularly critical in this case because the unanimity requirement was explained to appellant as:

> If anyone of those 12 people *decided you were not guilty,* the case would result in a mistrial and the Com-

monwealth could try you again. Do you understand that?

(N.T. September 7, 1979 at 5) (emphasis added). This language misrepresents the burden of proof in a criminal case by implying that the burden was upon appellant to prove to at least one of the jurors that he was not guilty. Appellant had no obligation to prove his innocence or to make the jury "decide" that he was not guilty. The Commonwealth was required to prove his guilt beyond a reasonable doubt to each and every juror. A juror need only have a reasonable doubt as to appellant's guilt to preclude conviction. He need not be convinced that appellant was not guilty of the offense charged. Thus, as a result of the court's failure to inform appellant of the reasonable doubt standard, and the misleading colloquy concerning unanimity, appellant was left without a proper understanding of a jury's role in a jury trial. Accordingly, I would hold that his waiver was not knowing and intelligent and that counsel was ineffective in failing to raise the issue.