J-S44022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WALEED EDENS, | |
| Appellant | No. 732 EDA 2016 |

Appeal from the Judgment of Sentence November 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012926-2012

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 12, 2017**

Appellant, Waleed Edens, appeals from the judgment of sentence following his convictions for aggravated assault, possession of a firearm by an ineligible person, and carrying firearms on public streets in Philadelphia.[1] We affirm.

The trial court summarized the factual history of this case as follows:

> On July 25, 2012, Jerome Edens ("Complainant") set out to look for his son, [Appellant].  Complainant went to talk with his son's friend, Ezzes,[2] because he did not approve of the amount of time Ezzes and [Appellant] were spending together. Complainant was upset because [Appellant] was married with children, but also in a relationship with Ezzes.  After talking with

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 6105(a)(1), and 6108, respectively.

[2] This individual, Troy Timms, is identified by his nickname "Ezzes."  N.T., 7/8/15, at 31.

Ezzes, Complainant proceeded home. When he arrived in front of his house, Complainant began talking to a man named Ron [Watkins]. At that point, [Appellant] approached the two men. He was holding a cell phone in his hand. [Appellant] then pulled out a gun. He told his father "I ain't scared of you" and an argument ensued. [Appellant] shot Complainant three times. Complainant then attempted to run, but collapsed after taking six steps. Police Officer Daniel Martinez responded to a radio call for shots fired in the vicinity of 2700 N. Hutchinson Avenue in the city and county of Philadelphia, PA. When the officer arrived, he saw Complainant lying on the ground. Complainant told the officer that his son shot him. He also provided the officer with his son's name, address, and the car he was driving. The officer also observed several shell casings on the ground at the scene. On the same day, [Appellant's] car was found nearby at 3216 McMichaels Street in Philadelphia. Police obtained a search warrant for the vehicle. No blood or any signs of injury were observed inside the car. Police then obtained a search warrant for [Appellant's] residence at 5247 N. 15th Street in Philadelphia, PA.[7] Inside the property, police found multiple letters addressed to [Appellant]. Police also found an empty AK-47 banana clip and thirteen .40 caliber live rounds. After [Appellant] fled the shooting, he went into hiding. [Appellant] was arrested by the FBI Task Force at 3302 West Allegheny Avenue, Philadelphia, PA on September 7, 2012.

[7] Complainant is listed as the owner of the premises.

Trial Court Opinion, 12/9/16, at 2-3 (internal citation omitted).

The trial court summarized the procedural history as follows:

On July 9, 2015, a jury found [Appellant] guilty of aggravated assault and carrying a firearm on the public streets of Philadelphia. The jury acquitted [Appellant] of attempted murder and carrying a firearm without a license. On the same day, after a waiver trial where counsel agreed to incorporate all testimony from the jury trial and stipulate that [Appellant] was prohibited from carrying a firearm, the court found [Appellant] guilty of possession of a firearm by a prohibited person. On November 9, 2015, [Appellant] was sentenced to an aggregate term of twelve to thirty years of incarceration followed by five years of probation.[6] On November 17, 2015, [Appellant] filed a

post-sentence motion, which was denied on March 4, 2016.  On that same date, [Appellant] filed a timely Notice of Appeal.

> [6] Because [Appellant's] prior conviction for robbery is a violent offense, his conviction for aggravated assault constituted a second strike.  Therefore, the court imposed the mandatory minimum sentence of ten to twenty years of incarceration pursuant to 42 Pa.C.S. § 9714(a).  He received a consecutive sentence of incarceration of two to ten years for the VUFA 6105 conviction.  He was also sentenced to a term of five years of probation to be served consecutively to his incarceration for the VUFA 6108 conviction.

Trial Court Opinion, 12/9/16, at 1-2 (some internal footnotes omitted).

Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

A.     Were the guilty verdicts were [sic] against the weight of the evidence where the evidence clearly showed that Appellant was legally justified in using reasonable/deadly force against the Commonwealth's witness who is a known violent killer and who was the aggressor?

B.     Was the evidence insufficient to support the guilty verdicts beyond a reasonable doubt?

C.     Did the trial court err by not allowing the jury to consider that the Commonwealth's witness is a convicted murderer, while at the same time allowing Appellant's multiple robbery convictions be considered not only for purposes of crimen falsi but also erroneously to show Appellant has the propensity for violence, which was overly prejudicial?

D.     Did the trial court abuse discretionary aspects of sentencing by imposing a consecutive and excessive sentence, and erred by failing to properly consider compelling mitigating factors?

Appellant's Brief at 7.

In his first issue, Appellant argues that the guilty verdicts were against the weight of the evidence. Appellant's Brief at 14. Appellant asserts that the evidence "clearly showed" that Appellant was legally justified in using deadly force against the Complainant, who "is a known violent killer and who was the aggressor." *Id.* at 14. Specifically, Appellant maintains that the Complainant "tracked [A]ppellant down over two days" and it was the Complainant who pulled a gun on Appellant. *Id.* at 15. Appellant further contends that the evidence establishes that he could not reasonably retreat to "complete safety." *Id.* Appellant asserts that he feared for his life and had no choice but to act in self-defense. *Id.* Appellant argues that the Commonwealth has failed to negate Appellant's self-defense argument. *Id.*

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. The Pennsylvania Supreme Court has explained that "appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." To grant a new trial on the basis that the verdict is against the weight of the evidence, this Court has explained that "the evidence must be 'so tenuous, vague and uncertain that the verdict shocks the conscience of the court.'"

> This Court shall not undertake to reassess credibility of witnesses, as it is well settled that we cannot substitute our judgment for that of the trier of fact. Further, the finder of fact was free to believe the Commonwealth's witnesses and to disbelieve the witness for the Appellant. *See Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986) (the finder of fact is free to believe all, none, or part of the testimony presented at trial).

- 4 -

*Commonwealth v. Chine*, 40 A.3d 1239, 1243-1244 (Pa. Super. 2012)

(some internal citations omitted).

Our Supreme Court has stated the following with regard to a self-

defense claim:

> If a defendant introduces evidence of self-defense, the Commonwealth bears the burden of disproving the self-defense claim beyond a reasonable doubt. Although the Commonwealth is required to disprove a claim of self-defense ... a jury is not required to believe the testimony of the defendant who raises the claim.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135 (Pa. 2011).

> As a general rule, an individual is justified in using force upon another person "when the actor believes that such force is **immediately necessary** for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a) (emphasis added). However, the Commonwealth may disprove a claim that a defendant's use of deadly force was justifiable by establishing that: 1) the defender did not reasonably believe deadly force was necessary to protect himself from imminent danger of death or great bodily harm, 2) the defender provoked the incident, or 3) the defender violated a duty to retreat with safety or avoid the danger. *Commonwealth v. Truong*, 36 A.3d 592, 598–99 (Pa. Super. 2012) (*en banc*).

*Chine*, 40 A.3d at 1243-1244 (emphasis in original).

The trial court provided the following analysis in addressing Appellant's

claim:

> In the case at bar, the Commonwealth proved beyond a reasonable doubt that [Appellant] did not act in self-defense. The evidence established that [Appellant] was in fact the aggressor. The Complainant was looking for [Appellant] because he was unhappy with how much time he was spending with Ezzes. [Appellant] approached Complainant in front of Complainant's house and said "I ain't scared of you." An

argument ensued.   [Appellant] pulled out a gun, shot three times, hitting Complainant, and fled.  This sequence of events, which the jury found to be credible, does not connote one of self-defense.  Rather, it shows that [Appellant] was the original aggressor. . . .

[Appellant] approached Complainant and had an angry confrontation with him.  . . . After he shot Complainant, [Appellant] fled the scene and went into hiding... which indicated a guilty [conscience].

Additionally, the Commonwealth disproved [Appellant's] claim of self-defense because it showed [Appellant] was reasonably able to safely retreat after the first shot went off, but instead he fired two additional shots.  The use of deadly force is not justifiable when the actor knows he can avoid such force with complete safety by retreating.

Trial Court Opinion, 12/9/16, at 5-6.

The evidence of record supports the conclusion that Appellant was the aggressor and that he was able to safely retreat during and following the altercation.  Thus, the Commonwealth has presented evidence disproving Appellant's claim of self-defense beyond a reasonable doubt.

Moreover, we cannot conclude that the trial court's determination that the verdict was not against the weight of the evidence was erroneous.  In light of the evidence of record, the conclusion that Appellant's use of force was not justified as self-defense is not "so tenuous, vague and uncertain that the verdict shocks the conscience of the court."  **Chine**, 40 A.3d at 1243-1244.  As noted, the jury found Appellant's version of the events to be incredible.  We decline Appellant's invitation to substitute our judgment for that of the fact-finder.  Appellant's first issue therefore lacks merit.

- 6 -

In his second issue, Appellant argues that the evidence was insufficient to support the guilty verdicts beyond a reasonable doubt. Appellant's Brief at 15-16. While Appellant identifies case law outlining the standard in reviewing a sufficiency of the evidence claim, *id.* at 16, he sets forth the following single sentence in support of his claim: "For the foregoing reasons the evidence was wholly insufficient to sustain the guilty verdicts beyond a reasonable doubt and the guilty verdicts should be reversed and the sentence vacated." *Id.* at 16.

As noted, Appellant was convicted of aggravated assault, possession of a firearm by an ineligible person, and carrying firearms on public streets. Appellant's argument on this issue fails to identify which verdict allegedly was not supported by sufficient evidence. Moreover, Appellant presents absolutely no argument supporting his claim that there was insufficient evidence supporting any of the verdicts. "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2008). In this case, Appellant has presented no argument explaining how his verdicts were not supported by sufficient evidence, and includes no citation to the record to support his argument. We shall not develop an argument for Appellant, nor shall we scour the record to find evidence to support it. Consequently, we deem this issue waived.

In his third issue, Appellant argues that the trial court erred by not allowing the jury to consider the fact that the Commonwealth's witness, the Complainant, is a convicted murderer. Appellant's Brief at 16. Appellant sought to introduce Complainant's prior conviction for voluntary manslaughter in 1990, N.T., 5/26/15, at 11, and asserts that the trial court erred in ruling that it was precluded from admission. Appellant's Brief at 17. Appellant further contends that the trial court erred in allowing the admission of evidence of Appellant's seven robbery convictions. Appellant's Brief at 18. Appellant maintains that "[t]he result was an incomplete and inaccurate record that wrongly sanitized the [C]omplainant while demonizing the [A]ppellant as a walking crime wave." *Id.* at 18.

The following standard of review applies to evidentiary rulings by the trial court:

> On appeals challenging an evidentiary ruling of the trial court, our standard of review is limited. A trial court's decision will not be reversed absent a clear abuse of discretion. *Commonwealth v. Bishop*, 936 A.2d 1136, 1143 (Pa.Super.2007) (citing *Commonwealth v. Hunzer*, 868 A.2d 498 (Pa.Super.2005)). "Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id.*

*Commonwealth v. King*, 959 A.2d 405, 411 (Pa. Super. 2008).

Our Supreme Court has stated the following with regard to the admissibility of prior bad acts evidence:

- 8 -

Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2). In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

*Commonwealth v. Sherwood*, 982 A.2d 483, 497 (Pa. 2009) (internal citations omitted).

With regard to evidence of prior bad acts related to a claim of self-defense, our Supreme Court has stated that:

this Court has held that when self-defense is properly at issue, evidence of the victim's prior convictions involving aggression may be admitted, if probative, either (1) to corroborate the defendant's alleged knowledge of the victim's violent character, to prove that the defendant was in reasonable fear of danger, or (2) as character/ propensity evidence, as indirect evidence that the victim was in fact the aggressor. *Commonwealth v. Beck*, 485 Pa. 475, 402 A.2d 1371, 1373 (1979) (plurality) (citing and applying *Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748, 750–51 (1971)). Only those past crimes of the victim that are similar in nature and not too distant in time will be deemed probative, with the determination as to similar nature and remoteness resting within the sound discretion of the trial judge. *Amos*, 284 A.2d at 752.

*Commonwealth v. Mouzon*, 53 A.3d 738, 741 (Pa. 2012).

In explaining its reasoning for precluding the Complainant's prior manslaughter conviction, the trial court stated:

In this case, [Appellant's] self-defense claim was based on his allegation that Complainant was the aggressor. [Appellant] sought to introduce Complainant's prior conviction for voluntary manslaughter in addition to Complainant's violent conduct from

- 9 -

1996. The court precluded the introduction of Complainant's 1990 conviction for voluntary manslaughter but allowed the introduction of evidence of Complainant's violent conduct that [Appellant] witnessed in 1996, where Complainant shot [Appellant's] stepmother two times in the leg. N.T. July 8, 2015 at 174. The court found Complainant's conviction for voluntary manslaughter was too distant in time to be of probative value because it occurred over twenty years prior to the present case. In **Commonwealth v. Gilliard**, 446 A.2d 951, 956 (Pa. Super. 1982), the defendant sought to demonstrate the decedent's alleged propensity for violence at the time of the incident at issue by introducing evidence that the decedent had been convicted of aggravated assault and attempted rape twenty-five years before. The court held that the past convictions were "much too remote to be relevant" and had appropriately been excluded. *Id.* Similarly in **Commonwealth v. Quarles**, 456 A.2d 188, 192 (Pa. Super. 1983), a trial court's exclusion of evidence of the victim's twenty-two year old conviction that the defendant sought to admit as evidence of the victim's propensity for violence to support his claim of self-defense was upheld. The Superior Court ruled the conviction was too attenuated and "[w]e are unable to find any appellate decision in Pennsylvania which has ever upheld the admissibility of a conviction which was more than three years removed." *Id.* Here, Complainant's manslaughter conviction occurred over twenty years prior to the present case. This court determined that because the conviction occurred over twenty years prior to the case at bar it was too remote to have probative value. Therefore, Complainant's voluntarily manslaughter conviction from 1990 was properly excluded because it was too remote to be probative.

Trial Court Opinion, 12/9/16, at 12-13.

The Complainant's voluntary manslaughter conviction occurred more than twenty years prior to the events of this case. The trial court determined that the conviction was too remote in time to be relevant. We cannot conclude that the trial court abused its discretion in making this determination.

- 10 -

Additionally, the trial court properly allowed the introduction of evidence of Appellant's seven robbery convictions in order to impeach his credibility. Evidence of a *crimen falsi* conviction is admissible to impeach a witness under Pa.R.E. 609, which provides, in relevant part, as follows:

> **Rule 609.  Impeachment by Evidence of a Criminal Conviction**
>
> **(a) In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or nolo contendere, must be admitted if it involved dishonesty or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> > (1) its probative value substantially outweighs its prejudicial effect; and
> >
> > (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609(a), (b). Robbery is a crime of dishonesty. ***See Commonwealth v. Harris***, 884 A.2d 920, 925 (Pa. Super. 2005) ("Robbery and burglary are considered *crimen falsi* and convictions for these offenses are admissible for impeachment purposes.") (citing ***Commonwealth v. Jackson***, 585 A.2d 1001 (Pa. 1991) and ***Commonwealth v. Gordon***, 512 A.2d 1191 (Pa. Super. 1986)).

As the trial court explained:

[T]he Commonwealth introduced evidence of [Appellant's] seven robbery convictions to impeach his credibility as a witness.[8]   A robbery conviction is a crime of dishonesty or *crimen falsi*. **Commonwealth v. May**, 898 A.2d 559, 569 (Pa. 2006).   The convictions occurred in 2001 and [Appellant] was sentenced to seven and a half to fifteen years of incarceration.   [Appellant's] trial occurred in 2015.   **See Commonwealth v. Trippett**, 932 A.2d 188, 199 (Pa. Super. 2007) (holding where the date of conviction or last date of confinement is within ten years of trial, evidence of the conviction of *crimen falsi* is *per se* admissible). Because ten years did not elapse between the date [Appellant] was released from confinement to the date of the case at bar, the convictions meet the time bar requirement of the rule. Therefore, because [Appellant's] seven robbery convictions were crimes of dishonesty and met the time requirement, they were properly admitted to impeach his credibility.

> [8] Counsel stipulated that [Appellant] was convicted of seven robberies in 2001.  N.T. July 9, 2015, at pp. 29-30.

Trial Court Opinion, 12/9/16, at 13.

As outlined above, the convictions occurred in 2001, and Appellant was sentenced to seven and one-half to fifteen years of incarceration. Appellant's trial in this case occurred in 2015.   Thus, ten years had not elapsed between the date Appellant was released from confinement to the date the evidence was introduced.   Accordingly, the trial court properly admitted Appellant's prior robbery convictions.  Pa.R.E. 609(b).

In his final issue, Appellant argues that the trial court abused its discretion "by imposing a consecutive and excessive sentence, and erred by failing to properly consider compelling mitigating factors."  Appellant's Brief at 18.  Specifically, Appellant asserts that the trial court failed "to consider [A]ppellant's rehabilitative needs, the effect of such a sentence on

[A]ppellant's wife and three children, and [failed to] consider [A]ppellant's horrible abuse at the hands of his father." *Id.* at 18. Appellant maintains that this case should be remanded for resentencing. *Id.* at 19.

Appellant's issue challenges the discretionary aspects of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, Appellant failed to include a separate Pa.R.A.P. 2119(f) statement in his brief. Because the Commonwealth has objected to this omission, Commonwealth's Brief at 17, we deem Appellant's challenge waived. *See Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014) (where the appellant failed to include a separate Pa.R.A.P. 2119(f) statement in his brief, and the Commonwealth objected to the omission, the issue is waived).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2017