388 A.2d 1040

COMMONWEALTH of Pennsylvania, Appellee,

v.

Antonio HORNE, Appellant.

Supreme Court of Pennsylvania.

Argued May 25, 1978.

Decided July 14, 1978.

Joshua D. Lock, Public Defender, for appellant.

Marion E. MacIntyre, Second Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

On May 31, 1977, a jury found appellant, Antonio Lee Horne, guilty of murder of the third degree for the shooting death of seventeen-year-old Philip Robinson. Post-verdict motions were denied, and appellant was sentenced to a term of imprisonment of not less than seven nor more than fifteen years. This direct appeal followed. We now affirm the judgment of sentence.

Only two issues are raised. Appellant first argues that the prosecution's evidence is insufficient as a matter of law to support a conviction of murder of the third degree,

contending that the evidence is sufficient only to support a verdict of voluntary manslaughter. We must view the evidence in the light most favorable to the prosecution, and the evidence is sufficient if, accepting as true all the evidence and all reasonable inferences upon which, if believed, the jury could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that appellant is guilty of murder of the third degree. *See, e. g., Commonwealth v. Motley,* 472 Pa. 421, 372 A.2d 764 (1977); *Commonwealth v. Pitts,* 450 Pa. 359, 301 A.2d 646 (1973). Reviewing the record in this light, we are persuaded that the jury's verdict of murder of the third degree is supported by sufficient evidence.

The prosecution's evidence established that early on the evening of February 19, 1977, appellant and the deceased Philip Robinson engaged in a brief altercation, including the deceased twice hitting appellant with a large stick as appellant sought to walk away from the fight. Later that evening, appellant and the deceased inadvertently met at a Harrisburg bar. The two went outside the bar, some obscenities were exchanged, and appellant pulled out a .22-caliber handgun and fired three shots toward the deceased. The third shot hit the deceased in the eye, causing brain damage and death.

Appellant argues that he can be found guilty of no more than voluntary manslaughter because he was acting under a sudden and intense passion as a result of serious provocation by the decedent at the time of the shooting. Appellant claims he acted in self-defense. The jury found otherwise, and we are satisfied there was ample evidence to support that finding.

There was no dispute that appellant was the only one of the two armed with a firearm; the deceased had only an empty wine bottle which he picked up sometime prior to the third shot being fired. The trial court, after various eyewitnesses pointed out on a chart the relative position of the deceased and appellant at the time of the shooting, estimated that the two were approximately fifty feet apart when

the fatal shot was fired. Several eyewitnesses testified that the deceased was making no movement whatsoever toward appellant when appellant began shooting. Even if appellant were in some sort of imminent physical danger, it appears that from where appellant was standing he could have retreated easily and safely; indeed, there was testimony that appellant was walking backwards when he began to fire the shots.

Appellant's brief is correct in stating that "[i]f appellant were acting under a sudden and intense passion resulting from serious provocation by decedent Robinson, he could be found guilty of no more than voluntary manslaughter." *See* 18 Pa.C.S.A. § 2301 (1973). Appellant's explanation as to his fear and apprehension of Robinson were matters for the jury, however, and the jury did not find that there was sufficient provocation such that appellant was acting under a sudden and intense passion when he shot and killed the decedent. We are satisfied that there was sufficient evidence to support that finding, hence the jury's verdict of murder of the third degree was not improper as a matter of law.

Next, appellant claims the trial court erred in not allowing appellant to introduce into evidence the decedent's juvenile record. Appellant sought to introduce the record to establish that the decedent was a "violent, vicious and troublesome person."

In its opinion disposing of post-verdict motions, the trial court gave four reasons why the record was not allowed into evidence, only one of which we need address here. As the trial court and the prosecution's brief point out, appellant's offer of proof did not include an allegation that appellant *knew* of decedent's juvenile record at the time of the shooting. Appellant does not, even at this time, contend that he knew of Robinson's juvenile record at that time.

When a defendant alleges self defense, he may under proper circumstances introduce the victim's conviction and arrest records to corroborate his alleged knowledge of the

victim's violent character or his alleged belief that his life was in danger. *Commonwealth v. Amos,* 445 Pa. 297, 284 A.2d 748 (1971). As we stated in *Commonwealth v. Darby,* 473 Pa. 109, 373 A.2d 1073 (1977), however, it is the defendant's *knowledge* of the charges contained in that record that makes the record admissible because probative of the defendant's state of mind. *Id.* at 113, 373 A.2d at 1075.

Appellant's brief concedes that this is the rule of law established by *Darby*—that such record must be known to the defendant. Appellant does not contend, however, that appellant was aware of Robinson's juvenile record on the date of the shooting. During trial appellant, in laying a foundation for the admission of the record, likewise did not allege that he knew of the juvenile record at the time of the killing. Therefore, the trial court did not err in refusing to allow the record into evidence.

Judgment of sentence affirmed.