417 A.2d 748

**COMMONWEALTH of Pennsylvania**

**v.**

**David MORRIS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1979.

Filed Dec. 28, 1979.

478

480

David L. Pollack, Philadelphia, for appellant.

Legrome Davis, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS, and LIPEZ, JJ.*

PER CURIAM:

On December 16, 1977, a jury convicted appellant of voluntary manslaughter. After denying post-verdict motions, the trial court sentenced appellant to a term of imprisonment of 5 to 10 years. Appellant contends that (1) the evidence is insufficient to prove guilt beyond a reasonable doubt over his defense of self-defense; (2) the trial court erred in refusing to allow him to plead surprise and cross-examine a witness; (3) the trial court erred in refusing to allow admission of evidence concerning the victim's arrest record allegedly known to appellant; (4) the sentence imposed is excessive; (5) the trial court did not place its reasons for the sentence imposed on the record at the time of sentencing; and (6) trial counsel was ineffective for stipulating that the Commonwealth would not proceed on a charge of involuntary manslaughter and in not requesting the trial court to instruct the jury on that charge. We remand for a determination of counsel's effectiveness.

■ Appellant first argues that the evidence is insufficient to support the verdict. Commonwealth witnesses testified that appellant, without provocation, stabbed the victim, who appeared unarmed. Appellant testified that the victim

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania, is sitting by designation.

picked a fight and threatened him with a knife. Appellant said he stabbed the victim in self-defense. The jury could disbelieve appellant's testimony and find him guilty of voluntary manslaughter. See, e. g., *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976).

Appellant asserts that the court erred in refusing to allow him to plead surprise and cross-examine a witness he had called. Richard Dennis, a 14 year-old friend of the victim, was present at the time of the stabbing. He gave police an unsigned statement that the victim was carrying a knife at that time. At trial, the district attorney informed trial counsel that Dennis was of limited intelligence and confused about the incident and that, because his testimony would be unreliable, the Commonwealth would not present him. Trial counsel asked Dennis to speak with him but Dennis refused. Counsel called Dennis as a witness and, when asked whether the victim had a knife during the incident, Dennis replied, "I can't swear to that" and said that he could not remember.

■■■ We need not determine whether, aware of the reasons why the Commonwealth would not call Dennis to testify, counsel was "surprised" by Dennis' testimony. A party may plead surprise if the witness, at trial, contradicts earlier statements he has made. Where a witness testifies only that he cannot remember, he has not contradicted any earlier pronouncements and may not be impeached through introduction of the previous statements. *Commonwealth v. Moore*, 462 Pa. 231, 340 A.2d 447 (1975). Because Dennis testified only that he could not remember whether the victim was carrying a knife, the trial court properly refused to allow appellant to impeach Dennis.

■■■ Appellant asserts that, irrespective of the issue of surprise, due process required that the court allow impeachment. See *Commonwealth v. Gee*, 467 Pa. 123, 354 A.2d 875 (1976) (plurality opinion). Appellant did not raise this constitutional issue either at trial or in post-verdict motions. This issue, therefore, is not preserved for review. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) (post-ver-

dict); *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974) (trial).

Appellant argues that the trial court erred in denying admission of evidence concerning the victim's arrest record allegedly known to him. Appellant sought to support his defense of self-defense by showing that he knew that the victim was a violent person. The trial court held a hearing *in camera,* after which it ruled that the Commonwealth would enter the victim's conviction record and permitted testimony of the victim's previous violent acts of which appellant was aware and of his reputation for violence. At the hearing, appellant did not state that he knew of any arrests of the victim for violent crimes. Subsequently, appellant moved to enter evidence of the victim's arrest record. The court excluded the evidence. Appellant requested a second hearing *in camera* to establish that he knew of the arrest record he wished to introduce. The court denied this request.

▇▇▇ Where an accused asserts that a killing was a justifiable act of self-defense, he may introduce evidence of the victim's arrest record for violent crimes of which he is aware. *Commonwealth v. Darby,* 473 Pa. 109, 373 A.2d 1073 (1977). Appellant never stated that he was aware of any arrests of the victim for violent crimes. Accordingly, the trial court correctly prohibited introduction of the victim's arrest record. See *Commonwealth v. Horne,* 479 Pa. 496, 388 A.2d 1040 (1978). Appellant argues that the court erred in refusing to hold a second hearing to establish his knowledge of the arrest record. Appellant did not raise this issue in post-verdict motions. Thus, the issue is not preserved for review. *Commonwealth v. Blair,* supra.

▇▇▇ Appellant contends that the sentence imposed is excessive and that the trial court did not place its reasons for the sentence imposed on the record at time of sentencing. Appellant did not raise these claims at sentencing or in a petition for reconsideration of sentence. Therefore, these issues are not preserved for review. See *Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978).

Finally, appellant contends that trial counsel was ineffective for stipulating that the Commonwealth would not proceed on a charge of involuntary manslaughter and in not requesting the trial court to instruct the jurors on that charge.** Appellant was charged with murder, voluntary and involuntary manslaughter and possession of an instrument of crime. On the day trial began, December 13, 1977, the Commonwealth and defense counsel stipulated that the charges of involuntary manslaughter and possession of an instrument of crime would not be pressed. Two months previously, the Supreme Court had decided *Commonwealth v. Smith*, 474 Pa. 559, 379 A.2d 96 (1977); *Commonwealth v. Ford*, 474 Pa. 480, 378 A.2d 1215 (1977); *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977); and *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977), which established the right of an accused, upon request, to an instruction on involuntary manslaughter. Involuntary manslaughter is, of course, a less serious offense than voluntary manslaughter, of which appellant was convicted.

On this record, we are unable to determine whether counsel's agreement and failure to request a charge on involuntary manslaughter rested upon a reasonable trial strategy designed to promote appellant's interests or was the product of ineffective assistance. No reason for counsel's course of conduct appears in the record. Therefore, we vacate judgment of sentence and remand for an evidentiary hearing to determine why counsel acted as he did in this matter. If, upon remand, the trial court determines that counsel was ineffective, it shall award appellant a new trial. If, however, trial counsel was not ineffective, judgment of sentence shall be reinstated. See *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

** Represented in this appeal by new counsel not associated with counsel at trial or in post-verdict proceedings, appellant may raise his assertion of ineffective assistance of trial counsel. E. g., *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).