482 A.2d 1124

**COMMONWEALTH of Pennsylvania,**

v.

**Daryll SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued March 28, 1984.

Filed Oct. 12, 1984.

146

Gifford Cappellini, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before BROSKY, WIEAND and McEWEN, JJ.

WIEAND, Judge:

■ Daryll Smith was tried by jury and convicted of aggravated assault [1] in connection with the beating of a patron of a nightclub where Smith worked as a "bouncer." Following denial of post-verdict motions, Smith was sentenced to imprisonment for not less than six months nor more than five years, less one day. On direct appeal from the judgment of sentence, Smith contends that the trial court erred when it: (1) refused to permit evidence, by direct or cross-examination, of the victim's involvement in an altercation at another tavern earlier the same night; (2) instructed the jury on accomplice liability; and (3) imposed a sentence of total confinement. We affirm. [2]

The Commonwealth's evidence showed that Jeffrey Bayer, a serviceman home on leave, had entered the "Station," a Wilkes-Barre nightclub, at or about midnight on June 18, 1981. His efforts to find a dance partner were unsuccessful. One or more intended dance partners poured drinks on his head. Daryll Smith and George Farro were employed

---

**1.** 18 Pa.C.S. § 2702.

**2.** Smith also argues in his appellate brief that he used only reasonable force to evict the victim from the nightclub. It is not clear from his brief whether this argument is made in support of an arrest of judgment on grounds that the evidence was insufficient to sustain the verdict or a new trial on grounds that the verdict was against the weight of the evidence. However, neither argument was raised in post-verdict motions filed in the trial court; and both, therefore, have been waived. *Commonwealth v. Mason,* 326 Pa.Super. 637, 474 A.2d 656 (1984); *Commonwealth v. McDonald,* 322 Pa.Super. 110, 119–120, 469 A.2d 206, 210–211 (1983).

by the "Station" as bouncers. They requested Bayer to leave; when he refused, they forcibly ejected him. Outside, according to the Commonwealth's evidence, Smith and Farro punched and kicked Bayer until he fell to the ground in a fetal position. When Bayer asked to re-enter the bar to retrieve the shirt which he had removed after drinks had been poured on him, Smith again struck him. As Bayer lay prone on the ground, Smith struck him once again; and Farro, enraged because his shirt had been torn during the preceding altercation, dropped a cinder block on Bayer's head. As a result of the beating, Bayer suffered a fractured skull and related head injuries which required two surgical operations, lengthy hospitalization and the placement of a plastic plate in his skull. This treatment, it was testified, was essential to prevent Bayer's death from injuries received at the hands of Smith and Farro.[3]

Smith's defense at trial was that Bayer had been the aggressor and that he, Smith, had used no more than reasonable force to eject Bayer from the nightclub. This escalated outside, according to the defense, because Bayer continued to attack Smith and Farro. Smith contended additionally that Farro, not Smith, had inflicted the beating upon Bayer. Smith denied that anyone had struck Bayer's head with a cinder block.

Smith attempted to show, by cross-examination of Bayer and also by direct evidence, that before Bayer entered the "Station," he had instigated and had been involved in an altercation at another bar. The purpose of this evidence, his attorney said, was to show Bayer's predilection for violence. The trial court held that the evidence was irrelevant and refused to allow it.

■ The pertinent law was summarized by the Supreme Court in *Commonwealth v. Smith*, 490 Pa. 380, 416 A.2d 986 (1980), as follows:

In *Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971), we said testimony as to the victim's character is

3. Farro was tried separately and was also found guilty of aggravated assault.

admissible for the following purposes: (1) to corroborate the defendant's alleged knowledge of the victim's violent character to corroborate the defendant's testimony that he had a reasonable belief his life was in danger and (2) to prove the allegedly violent propensities of the victim to show he was the aggressor. We further noted that, generally, character can be proved only by reputation evidence. In *Commonwealth v. Darby*, 473 Pa. 109, 373 A.2d 1073 (1977), we held that convictions and violent acts of a victim which did not result in conviction, of which the defendant had knowledge, could be introduced for the first purpose mentioned in *Commonwealth v. Amos*, supra. We further held, however, that violent acts which did not result in conviction could not be offered for the second purpose announced in *Commonwealth v. Amos*, supra. See also *Commonwealth v. Stewart*, 483 Pa. 176 n. 4, 394 A.2d 968 n. 4 (1978).

*Id.*, 490 Pa. at 385–386, 416 A.2d at 988.

 The disputed evidence in this case was inadmissible to prove the likelihood that Bayer had been the aggressor. A violent act which does not result in a conviction is inadmissible for the purpose of proving violent propensities. *Commonwealth v. Darby, supra,* 473 Pa. at 112–113, 373 A.2d at 1074. See also: *Commonwealth v. Smith, supra; Commonwealth v. Stewart, supra.* It was also inadmissible to show that appellant and Farro were in fear of Bayer when they encountered him. Neither Smith nor Farro had had any knowledge of the prior incident at the time they removed Bayer from the "Station." The prior incident, therefore, had no relevancy to Smith's state of mind at the time of his altercation with Bayer. See: *Commonwealth v. Stewart, supra,* 483 Pa. at 180 n. 2, 394 A.2d at 970 n. 2; *Commonwealth v. Horne,* 479 Pa. 496, 499–500, 388 A.2d 1040, 1042 (1978); *Commonwealth v. Darby, supra* 473 Pa. at 113, 373 A.2d at 1075; *Commonwealth v. Quarles,* 310 Pa.Super. 74, 82, 456 A.2d 188, 193 (1983); *Commonwealth v. Morris,* 273 Pa.Super. 477, 482, 417 A.2d 748, 750 (1979), *rev'd on other grounds,* 492 Pa. 565, 424 A.2d 1336 (1981).

Compare: *Commonwealth v. Beck*, 485 Pa. 475, 478–479, 402 A.2d 1371, 1373 (1979) (plurality opinion). We conclude, therefore, that the trial court properly excluded evidence of the altercation in which the victim had been involved earlier on the same evening. The prior incident was irrelevant to the charges against Smith and would have raised collateral issues serving only to distract the jurors from the relevant circumstances of the parties' conduct at times pertinent to the offense with which Smith had been charged.

■ The information filed by the District Attorney's Office on November 9, 1981 did not allege that Smith was criminally liable as an accomplice because he had acted in concert with Farro. On appeal, Smith argues that because he was not charged as an accomplice, the trial court erred when it instructed the jury that Smith could be found guilty even if it found that the actual beating had been inflicted by Farro. We disagree.

In *Commonwealth v. Perkins*, 485 Pa. 286, 401 A.2d 1320 (1979), an evenly divided Supreme Court affirmed a conviction based on accomplice liability where the information had charged the defendant as the perpetrator. Writing in support of affirmance, Justice [later Chief Justice] O'Brien observed that different modes of complicity have no procedural significance. The opinion in support of reversal, written by Justice [later Chief Justice] Roberts was based upon what he conceived to be a Commonwealth rejection of accomplice liability which had misled the defense. In *Commonwealth v. McDuffie*, 319 Pa.Super. 509, 466 A.2d 660 (1983), this Court held that where the defense had not been misled because the information clearly alleged that the defendant had acted with another, the defendant could be convicted as an accomplice even though the information charged him with "committing" the crime.

In the instant case, appellant was not misled by the Commonwealth. Although Smith had been charged as a principal, he was scheduled originally to be tried jointly with Farro for assaultive acts committed in concert. His criminal liability as an accomplice was advanced repeatedly dur-

ing the trial in which he attempted to transfer criminal responsibility to Farro. Under these circumstances, appellant was not prejudiced by the averments of the information, and the trial court properly instructed the jury that appellant could be convicted if he had cooperated with and assisted Farro in inflicting serious bodily injury on Bayer.

Finally, appellant argues that the trial court's sentence was excessive because it included confinement. A review of the record and the sentencing court's reasons, however, fails to disclose any abuse of discretion. The judgment of sentence, therefore, will be affirmed.

Affirmed.