J-S12012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GLENN ALAN JACKSON | |
| Appellant | No. 2041 MDA 2015 |

Appeal from the Judgment of Sentence October 5, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000708-2013

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 03, 2017**

Appellant, Glenn Jackson, appeals from the judgment of sentence entered after a jury convicted him of voluntary manslaughter, aggravated assault (causing serious bodily injury), aggravated assault (with a deadly weapon), simple assault, possession of an instrument of crime, abuse of a corpse, and tampering with evidence, arising from an altercation where he stabbed Michael Krauser to death. Jackson admitted to stabbing Krauser, and hiding the body, but asserted that he had acted in self-defense. The jury acquitted him of murder charges.

On appeal, Jackson argues that the trial court erred in precluding evidence of a Protection from Abuse ("PFA") order that Krauser's wife had against Krauser, and the testimony of New Mexico police officers regarding Krauser's conduct while being arrested on several occasions in New Mexico.

After careful review, we conclude that the trial court did not abuse its discretion in evaluating this evidence of prior bad acts, and therefore affirm.

For purposes of this appeal, the following facts are undisputed. Jackson and Krauser were long-term acquaintances and drinking buddies, but had a volatile relationship. After a two-month hiatus, they ran into each other at a bus stop. Krauser indicated interest in some puppies that Jackson was attempting to sell, and Jackson invited Krauser over to his home for drinks.

Krauser arrived, and the two men proceeded to consume significant amounts of alcohol. During the night, they argued over a microwave oven and $20 that Krauser believed Jackson owed him. Jackson testified that a fight broke out between them, which continued until Jackson grabbed a sword from the wall and stabbed Krauser. According to Jackson, Krauser continued to fight, so he grabbed a nearby knife and proceeded to stab Krauser to death.

Afterwards, Jackson moved Krauser's body into a crawlspace under his home. Jackson did not claim to hear ringing in his ears, but he did feel compelled to confess to his neighbor after a period, as he feared he could hear the body decomposing under his floor. The neighbor reported the confession to the police, leading ultimately to the charges that were filed against Jackson.

At trial, Jackson sought to present various incidents from Krauser's past to bolster his claim of self-defense. Of relevance to this appeal are the PFA order Krauser's wife had obtained against him, as well as testimony from New Mexico police officers regarding arrests that they had made of Krauser in New Mexico. We will address these pieces of evidence in order.

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Drumheller**, 808 A.2d 893, 904 (Pa. 2002) (citation omitted). Evidence of a person's character is inadmissible to prove that the person acted in conformity with that character or character trait on a particular occasion. **See** Pa.R.E. 404(a). Thus, Jackson would generally be precluded from presenting evidence of Krauser's prior bad acts in effort to establish that Krauser was the aggressor. However,

> *where a defendant alleges self-defense*, he may use his deceased victim's criminal record either (1) to corroborate his alleged knowledge of the victim's quarrelsome and violent character to show that the defendant reasonably believed that his life was in danger; or (2) to prove the allegedly violent propensities of the victim to show that the victim was in fact the aggressor.

**Commonwealth v. Amos**, 284 A.2d 748, 751 (Pa. 1971) (emphasis added). The Supreme Court of Pennsylvania further refined the framework for admissibility of evidence of a victim's prior bad acts in **Commonwealth v. Darby**, 373 A.2d 1073 (Pa. 1977). There, the Court held that while only prior convictions could be used for the purpose of establishing the victim as

the aggressor, any act that was known by the defendant at the time of homicide would be admissible for the purpose of establishing that the defendant had a reasonable fear that his life was in danger. *See id*., at 1074-1075.

Here, Jackson first sought to present the PFA order against Krauser. In her application for the order, Krauser's wife asserted that he had choked her. Krauser ultimately stipulated to the entry of the order in the PFA court, without admitting to any of the factual allegations. The trial court ruled that Jackson could present evidence of Krauser's wife's allegations that led her to apply for a PFA order, but not the order itself.

The trial court reasoned that Krauser had stipulated to the entry of the PFA order, and that the order did not contain any findings of fact. We note that we are unable to verify the trial court's description of the PFA order, as we are unable to locate the order in the certified record. We do, however, note that Jackson does not dispute the trial court's description. Rather, Jackson argues that the PFA order could have demonstrated that there was more than one instance where Krauser had choked his wife. *See* Appellant's Brief, at 10.

"[I]t is an appellant's duty to ensure that the certified record is complete for purposes of review." *Commonwealth v. Lopez*, 57 A.3d 74, 82 (Pa. Super. 2012) (citation omitted). An appellant's "[f]ailure to ensure that the record provides sufficient information to conduct a meaningful

review constitutes waiver of the issue sought to be reviewed." **Id**. (citation omitted). As we are unable to evaluate Jackson's argument that the PFA order contained evidence of additional incidents without reviewing the order itself, we must find this claim waived.

Next, Jackson argues that the trial court erred in limiting the testimony of two police officers from New Mexico. The trial court held an *in camera* hearing to determine the extent of their testimony.

Officer Ryan Tafoya testified that while he was questioning Krauser during a traffic stop, Krauser began threatening the officers present. Furthermore, while Officer Tafoya was removing Krauser from his vehicle, Krauser had kicked him in the left knee and left hand. Krauser then lunged at Officer Tafoya in an aggressive manner, forcing Tafoya to use an arm lock and pin Krauser to the ground in a prone position.

As a result of this incident, Krauser pled guilty to assaulting a peace officer. Officer Tafoya testified that this charge was based on Krauser's aggressive lunge. Officer Tafoya stated that the kicks would have constituted a battery upon a police officer under New Mexico law, and therefore did not form the basis of the charge to which Krauser pled guilty.

The trial court ruled that under **Darby**, Officer Tafoya could only testify to the lunge and the fact that he took Krauser to the ground in an arm lock. The court precluded the officer from testifying about the threats to the officers or the kicks, as that conduct did not lead to a conviction.

Jackson argues that the trial court erred, as this evidence was relevant to Krauser's violent conduct when intoxicated. This argument falls under the second *Amos* category. Therefore, under *Darby*, only a conduct for which Krauser was convicted of a crime is admissible. Since Officer Tafoya testified, *in camera*, that the threats and kicks did not form the basis of Krauser's sole conviction from the incident, we cannot conclude that Jackson's argument merits any relief.

Similarly, Officer Morgen McBrayer testified to an incident where he had held a drunk Krauser in custody while investigating a trespassing complaint. Upon learning that the complainants did not desire to press charges, Officer McBrayer released Krauser. However, Officer McBrayer did not return a knife that he had taken from Krauser. Krauser demanded the return of his knife, but Officer McBrayer determined that it would not be safe to return the weapon.

Officer McBrayer ordered Krauser to leave without his knife. Krauser refused, and called the officer a "pig." Officer McBrayer grabbed Krauser by the arm and attempted to forcibly escort Krauser off the scene. At this point, Krauser became "very aggressive and pulled away from me." Krauser continued to be combative, necessitating Officer McBrayer to use an arm bar to take him to the ground. As a result of this incident, Krauser pled guilty to refusing a lawful command.

Officer McBrayer testified that only Krauser's refusal to leave the scene constituted a basis for his guilty plea. The physical altercation and insults were the basis for other charges, which were dropped as part of an apparent plea deal. The trial court allowed the officer to testify to the refusal to leave, but not to the physical altercation or insults.

Jackson argues that the precluded evidence was relevant to establish Krauser's character as "obnoxious, assaultive, disrespectful, and he often refused to leave anywhere he was asked, even by law enforcement officers." Once again, Jackson's argument falls under the second category of **Amos** evidence. Thus, once again, only conduct for which Krauser was convicted was properly admissible under **Darby**. We therefore conclude that Jackson's argument merits no relief.

As we conclude that the trial court did not abuse its discretion in any of the instances challenged by Jackson on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/3/2017