J-S59019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
KEVIN HALLIDAY :
:
Appellant : No. 2136 EDA 2016

Appeal from the Judgment of Sentence February 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007391-2015

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.: **FILED DECEMBER 26, 2017**

Kevin Halliday appeals from the judgment of sentence entered on

February 18, 2016, in the Philadelphia County Court of Common Pleas, made

final by the denial of post-sentence motions on July 1, 2016. On November

24, 2016, the trial court convicted Halliday of aggravated assault, possession

of an instrument of crime ("PIC"), and simple assault.[1] The court sentenced

Halliday to an aggregate term of two and one half to five years' incarceration,

followed by five years' probation. On appeal, Halliday raises several issues

concerning the sufficiency of his convictions.[2] After a thorough review of the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a), 907(a), and 2701(a), respectively.

[2] We have reorganized the issues for ease of disposition.

submissions by the parties, the certified record, and relevant law, we affirm the judgment of sentence.

The trial court set forth the facts the case as follows:

Mr. Sheldon Brown testified that on the afternoon of June 13, 2015, he and [Halliday] "were drinking some beer, smoking some marijuana in my house." When [Halliday] left, Mr. Brown noticed that beer and marijuana were missing. On going outside he encountered [Halliday], and "it escalated into a confrontation," eventually resulting in three separate fights between them over the course of several hours. Mr. Brown described the first two fights were fist fights, in which he got the better of [Halliday].

In the early evening, about five minutes after the second fight had subsided, a dark SUV type vehicle pulled up. [Halliday] got out with another man, later identified as Mr. Aaron Slaughter, and both men started fighting with Mr. Brown. Mr. Brown testified that during this fight he was stabbed by one of his assailants, stating that [Halliday] was on his left and the other man on his right, and that he had been stabbed numerous times in the left side. After calling 911, he was taken to Presbyterian Hospital for treatment.

Ms. Dawn Henry testified [Halliday] was the father of her daughter and that she was engaged to him at the time of the assault. She testified that on June 13, 2015, she observed Mr. Slaughter fighting with Mr. Brown. However she did not witness the stabbing. She also testified that prior to the stabbing[, Halliday] had called Mr. Slaughter who arrived a short time later.

Trial Court Opinion, 3/20/2017, at 3-4 (record citations omitted).

Following the incident, Halliday was arrested and charged with criminal attempt to commit murder, criminal conspiracy to commit murder, aggravated assault, PIC, simple assault, and recklessly endangering another person ("REAP"). As noted above, on November 24, 2015, at the conclusion of the bench trial, the court found Halliday guilty of aggravated assault, PIC, and

simple assault, and not guilty of the remaining charges. On February 18, 2016, the court sentenced Halliday to a term of two and one half to five years' incarceration on the PIC conviction, and a consecutive period of five years' probation on the aggravated assault offense.[3] On February 26, 2016, Halliday filed a post-sentence motion, seeking a new trial and/or arrest of judgment. On July 1, 2016, the court denied his motion. Halliday filed this timely appeal.[4]

In his first issue, Halliday complains the trial court erred by convicting him of aggravated assault and PIC under a conspiratorial liability theory because he was not charged with conspiring to commit either offense. **See** Halliday's Brief at 10. Specifically, Halliday notes he was only charged with conspiracy to commit attempted murder and states: "Because neither Conspiracy to Commit Aggravated Assault nor Conspiracy to Possess and [sic] Instrument of a Crime are lesser included offenses of Attempted Murder, Mr. Halliday was improperly found guilty of the same." **Id.** Relying on **Commonwealth v. Houck**, 102 A.3d 443 (Pa. Super. 2014), he states "a conviction premised on conspiratorial liability would only have been permissible if Conspiracy to Commit Aggravated Assault was a lesser included offense of Conspiracy to Commit Attempted Murder." Halliday's Brief at 12.

---

[3] The simple assault count merged for sentencing purposes.

[4] On July 22, 2016, the trial court ordered Halliday to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Halliday filed a concise statement on July 28, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 20, 2017.

Further, Halliday notes a panel of this Court previously concluded that aggravated assault is not a lesser included offense of attempted murder. ***See Commonwealth v. Fuller***, 579 A.2d 879 (Pa. Super. 1990), *appeal denied*, 588 A.2d 508 (Pa. 1991); ***see also*** Halliday's Brief at 13-14. Lastly, he states:

> It follows from Fuller that Conspiracy to Commit Aggravated Assault is not a lesser included offense of Conspiracy to Commit Attempted Murder. Nor was there a "general conspiracy" charged; the information specified the object of the conspiracy to be attempted murder. Since Mr. Halliday was not charged with Conspiracy to Commit Aggravated Assault, his conviction for Aggravated Assault under conspiratorial liability was impermissible. As such, the Court erred in convicting Mr. Halliday in this regard and this conviction must be vacated.[5]
>
> _____
>
> [5] Admittedly, the Court stated that Mr. Halliday was liable as a coconspirator or an accomplice. However, the evidence was not sufficient to establish accomplice liability. To conclude that the phone call from Mr. Halliday to Kevin Slaughter was a request for Slaughter to come and "take care" of the complaining witness was completely speculative. This is especially so because Dawn Henry gave a plausible explanation for Aaron Slaughter's animus toward the complaining witness, i.e., that he pushed her daughter.
>
> _____
>
> This reasoning applies with equal force to Possession of an Instrument of a Crime. The elements of Possession of an Instrument of a Crime are not subsumed under Attempted Murder such that they can be classified as lesser included offenses[.]

Halliday's Brief at 14-15 (citation and one footnote omitted).

By way of background, at the conclusion of Halliday's bench trial, the court found the following:

> I find there was a conspiracy here. However, [Halliday]'s not guilty of count two, conspiracy, because they did not prove a conspiracy to commit murder, and that's what he's charged with.

- 4 -

> There was a conspiracy to commit aggravated assault. Going back to the block with me. I need you [to] take care of this guy. So he comes back to the block with your client and he takes care of him by stabbing him.
>
> Therefore, [Halliday] is guilty of aggravated assault as an accomplice or a coconspirator. Likewise, guilty of possessing an instrument of a crime as a coconspirator.

N.T., 11/24/2015, at 159.

Halliday is correct that he was not charged with criminal conspiracy to commit aggravated assault. However, he is incorrect that aggravated assault cannot be considered a lesser included offense of attempted murder in certain circumstances. **See Commonwealth v. Anderson**, 650 A.2d 20 (Pa. 1994) (holding aggravated assault is a lesser-included offense of attempted murder in the context of merger at sentencing);[5] **see also Commonwealth v. Hilliard** 172 A.3d 5 (Pa. Super. 2017).[6] Additionally, conspiracy and accomplice liability can be applied in the context of a PIC crime. **See Commonwealth v. Wilson**, 426 A.2d 575 (Pa. 1981) (finding that regardless of who fired the shot, the petitioner and his companions were acting in concert with one another and therefore, he was responsible for the crime as an

---

[5] **But see Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009) (holding 42 Pa.C.S. § 9765 "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of another").

[6] It merits mention that Halliday relies on an earlier case, **Fuller**, **supra**.

accomplice or co-conspirator); ***Commonwealth v. Gladden***, 665 A.2d 1201 (affirming trial court's finding that appellant was an accomplice and therefore guilty of PIC where his co-defendant was armed with a gun and fired shots during a robbery) (*en banc*); ***Commonwealth v. Nelson***, 582 A.2d 1115, 1119 (Pa. Super. 1990) (determining appellant's PIC conviction was supported by the evidence where his co-felon brandished a gun and appellant threatened his cohort would "take care of" the victims if they did not cooperate), *appeal denied*, 593 A.2d 840 (Pa. 1991).

Furthermore, Halliday ignores the fact that the trial court found him guilty *via* accomplice liability.[7]  It is well-established that an individual need not be charged as an accomplice in order to be found guilty under such a theory.  ***See Commonwealth v. McDuffie***, 466 A.2d 660 (Pa. Super. 1983); ***see also Commonwealth v. Melvin***, 103 A.3d 1 (Pa. Super. 2014) , *appeal denied*, 112 A.3d 651 (Pa. 2015).  In ***Commonwealth v. Spotz***, 716 A.2d 580 (Pa. 1998), the Pennsylvania Supreme Court explained accomplice liability as follows:

> A defendant may be convicted as an accessory though only charged as a principal.  *Commonwealth v. Perkins*, 485 Pa. 286, 290-92, 401 A.2d 1320, 1322 (1979) (equally divided court) (affirming conviction based on accomplice liability where information charged defendant as principal); *Commonwealth v.*

---

[7] We note that in footnote 5 of his brief, Halliday touches upon the sufficiency of the court's finding that he was liable either as a co-conspirator or an accomplice.  ***See*** Halliday's Brief at 14 n.5.  We find he has not properly preserved the argument as it is included in a footnote in his appellate brief and was not included in his concise statement.  ***See*** Pa.R.A.P. 1925(b)(4)(vii).

*Potts*, 388 Pa. Super. 593, 566 A.2d 287 (1989) (Commonwealth's failure to proceed on theory of accomplice liability does not later preclude defendant's conviction under this theory). As long as the defendant is put on notice that the Commonwealth may pursue theories of liability that link the defendant and another in commission of crimes, the defendant cannot claim that the Commonwealth's pursuit of such a theory surprised and prejudiced the defendant. *Potts*, 388 Pa. Super. at 604, 566 A.2d at 293; *Commonwealth v. Smith*, 334 Pa. Super. 145, 150-51, 482 A.2d 1124, 1126 (1984) (despite being charged only as principal, defendant had sufficient notice of potential for accomplice liability theory, and trial court properly instructed jury on accomplice liability, when evidence adduced at trial supported accomplice theory, defendant attempted to transfer criminal liability to other person and Commonwealth had not misled defendant); *Commonwealth v. McDuffie*, 319 Pa. Super. 509, 466 A.2d 660 (1983).

*Spotz*, 716 A.2d at 588.

Here, Halliday was charged with, and subsequently convicted of, aggravated assault and PIC. In his argument, he fails to assert he had insufficient notice at his bench trial that the trial court could potentially be applying theories of conspiratorial or accomplice liability to these charges. Moreover, as the trial court opined:

It is … disingenuous for [Halliday] to complain that he was prejudiced by the Commonwealth's theory that [Halliday] "called Mr. Slaughter to come and attack the complaining witness." Not only did [Halliday] have actual notice of Mr. Slaughter's involvement, Ms. Henry testified that [Halliday] did in fact call him.

…

Mr. Brown's testimony that [Halliday], left the scene, after the second fight, and returned a short time later to recommence the fight accompanied by another bigger man[, subsequently identified by Henry as Slaughter] clearly establishes that [Halliday] entered into a conspiracy with Mr. Slaughter to attack

Mr. Brown. This is further supported by Ms. Henry's testimony that [Halliday] did in fact call Mr. Slaughter who then fought with Mr. Brown. It is irrelevant that there was no direct evidence that [Halliday] actually stabbed Mr. Brown. As a co-conspirator [Halliday] is liable for Mr. Brown's injuries. As the Court noted, "there's circumstantial evidence that he did just what the DA's arguing. He kept losing these fights and decided to go out and get somebody to help him, that he thought [he] could take care of the complainant. And then it just got better when the defense witness testified about the phone call."

Additionally, as to the charge of aggravated assault, [Halliday] is equally liable as an accomplice, since he participated in the assault of Mr. Brown, the question of who actually stabbed Mr. Brown is again irrelevant. 18 PCS 306(a) and (b)(3) provide that a person is guilty of a crime if he is an accomplice of another person in the commission of a crime. 18 PCS 306(c) provides: "(1) A person is an accomplice of another person in the commission of an offense if: (1) with the intent of promoting or facilitating the commission of the offense, he: (i) solicits such other person to commit it; or (ii) aids or agrees or attempts to aid such other person in planning or committing it …" 18 PCS 306(d) provides further that: "When causing a particular result is an element of an offense, an accomplice in the conduct causing such result is an accomplice in the commission of that offense if he acts with the kind of culpability, if any, with respect to that result that is sufficient for the commission of the offense." Under 18 Pa.C.S.A. § 306(d), a person is liable for all results of the principal's conduct even if untended. It does not matter if that person may have lacked the specific intent to inflict serious bodily injury, as opposed to mere bodily injury. ***Commonwealth v. Roebuck***, 32 A.3d 613 (Pa. 2011).

Trial Court Opinion, 3/20/2017, at 6-8.[8] Accordingly, Halliday's first argument

fails.

_____

[8] We reiterate that at trial, the court found Halliday guilty of aggravated assault and PIC pursuant to theories of conspiracy and/or accomplice liability. While the court's opinion appears to only discuss that Halliday acted as a

In his next issue, Halliday contends there was insufficient evidence to convict him of PIC. Specifically, he states:

> As an initial matter, no witness identified the instrumentality used to injure the complaining witness as a knife. As such, the factfinder was forced to speculate that a knife was used in the stabbing, i.e., instead of an ice pick or some other sharp object. But moreover, the complaining witness specifically testified that he was unsure who actually stabbed him. Mr. Halliday was not charged with conspiracy to possess an instrument of a crime, nor was there evidence from which the factfinder could have found accomplice liability. Thus, the factfinder was forced to speculate whether Mr. Halliday was the individual in possession of the criminal instrument in question.

Halliday's Brief at 24-25.

Our well-settled standard of review regarding sufficiency of the evidence claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the

---

co-conspirator, such analysis does not prove Halliday's argument. The court's findings at trial negate any inconsistency with respect to the fact that the court found Halliday culpable under both concepts.

credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Melvin***, 103 A.3d at 39-40 (citation omitted).

A defendant is guilty of possessing instruments of crime "where he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S. § 907(a); ***see also Commonwealth v. Lopez***, 57 A.3d 74, 79-80 (Pa. Super. 2012), *appeal denied*, 62 A.3d 379 (Pa. 2013). Moreover, because the victim could not testify that Halliday had the knife in his possession, the Commonwealth may prove the defendant had constructive possession of the item.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> ***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa. Super.2012), *appeal denied*, [] 63 A.3d 1243 (2013) (internal quotation marks and citation omitted). Additionally, it is possible for two people to have joint constructive possession of an item of contraband. ***Commonwealth v. Sanes***, 955 A.2d 369, 373 (Pa. Super. 2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009).

***Commonwealth v. Hopkins***, 67 A.3d 817, 820-821 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013). "An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession of

- 10 -

drugs or contraband." **Commonwealth v. Harvard**, 64 A.3d 690, 699 (Pa.

Super. 2013) (citation omitted), *appeal denied*, 77 A.3d 636 (Pa. 2013).

The trial court analyzed the claim as follows:

> As to [Halliday]'s conviction for the possessory crime of PIC as a coconspirator, it is again irrelevant that there was no testimony that [Halliday] actually possessed the knife causing Mr. Brown's injuries…. It is clear from the evidence that Mr. Brown was stabbed by at least one of the two men who assaulted him. In **Commonwealth v. Knox**, 105 A.3d 1194,1197-98 (Pa. 2014), our Supreme Court held that where a weapon is used in furtherance of a crime, constructive possession of that weapon is attributable to a co-conspirator regardless of who actually possessed it.

Trial Court Opinion, 3/20/2017, at 8.[9] We agree with the court's well-

reasoned analysis. Viewed in the light most favorable to the Commonwealth

as the verdict winner, the evidence was sufficient to sustain the trial court's

finding that Halliday constructively possessed the knife that was used to injure

the victim. Accordingly, his sufficiency argument fails.

Lastly, Halliday asserts he has a right to a new trial because "the

alternative theory offered by the Commonwealth and ultimately adopted by

the Court amounted to a prejudicial variance.[10] Specifically, and in response

_____

[9] **See** footnote 8.

[10] With respect to variance, we note:

> If there exists a variance between the allegations of an information and proof at trial, such variance is harmless error unless a defendant could be misled at trial, prejudicially surprised

- 11 -

to exculpatory evidence offered by Mr. Halliday, the Commonwealth urged the Court to conclude that Mr. Halliday requested another individual to cause the injuries to the complaining witness." Halliday's Brief at 15. Moreover, he states:

> The prejudicial variance in this case is rooted in the difference between the factual recitation offered by the complaining witness and the theory subsequently manufactured by the Commonwealth and accepted by the Court in response to Mr. Halliday's evidence of actual innocence.
>
> Since the preliminary hearing the Commonwealth posited the theory that the complaining witness was attacked by two men – Kevin Halliday and another individual. Mr. Halliday was held for Court on that theory and the complaining witness testified to that theory at trial. In the interim, Kevin Halliday located four witnesses that completely contradicted that theory and exculpated him: Dawn Henry, Shaniqua Har[ris],[7] Police Officer Chisholm and Detective Moore. Counsel for the defense turned exculpatory information pertaining to Dawn Henry, Shaniqua Har[ris] and the actual assailant over to the Commonwealth prior to trial. As far as the record reveals, the Commonwealth did absolutely nothing with this information and went forward with the charges without so much as attempting to ascertain whether Kevin Halliday was actually innocent.

---

> [7] The defense was unable to secure Ms. Har[ris]'s testimony for trial.

---

> in efforts to prepare a defense, precluded from anticipating the prosecution's proof, or otherwise impaired with respect to a substantial right.

***Commonwealth v. Lohr***, 468 A.2d 1375, 1377 (Pa. 1983)

- 12 -

*Id.* at 15-16 (reproduced record citations omitted).[11]   Additionally, Halliday

alleges:

> After the close of testimony, the Court informed the Commonwealth that the complaining witness's testimony was problematic.  The Court said:
>
>> How do you explain the complainant, who knows the defendant's name, and needs glasses only for reading so he can distinguish between a man and a woman, saying from, inside the ambulance, that he was stabbed by two women. It's the police officer who says that.
>
> In response, the Commonwealth manufactured a new scenario: that Kevin Halliday arranged for Aaron Slaughter to stab the victim rather than having actually participated in the altercation.  This theory was developed out of thin air, was unsupported by the evidence had never been posited before.  In fact, the theory was fabricated to explain away the strong evidence of Mr. Halliday's actual innocence.

*Id.* at 19 (reproduced record citations omitted).

Before we may address the merits of this claim, we must determine

whether Halliday has properly preserved this claim.

> To raise his notice/discrepancy issue, appellant was required to object contemporaneously to the presentation of the evidence, during the prosecution's opening and closing arguments, or during the trial court's jury instructions, in order to give the trial court a contemporaneous opportunity to address the alleged error and to preserve the present issue for appeal.  The purpose of contemporaneous objection requirements respecting trial-related issues is to allow the court to take corrective measures and, thereby, to conserve limited judicial resources.

_____

[11] We note that Halliday refers to Shaniqua Harris as "Shaniqua Harold" in his brief.  At the sentencing hearing, she was referred to with the surname as Harris.  *See* N.T., 2/18/2016, at 17.

***Commonwealth v. Sanchez***, 36 A.3d 24, 42 (Pa. 2011) (citations omitted),

*cert. denied*, 568 U.S. 833 (2012).

Here, a review of the record reveals that counsel for Halliday did not raise this contention until Halliday's February 18, 2016, sentencing hearing. ***See*** N.T., 2/18/2016, at 17-25. Counsel mentioned the allegations in an argument seeking a reduction in Halliday's sentence,[12] and even indicated that he was "not trying to relitigate the case at this point." ***Id.*** at 23. At trial, Halliday did not make a contemporaneous objection on such prejudicial variance grounds at the time the evidence of his cooperation with Slaughter was introduced or with respect to the verdict.[13] Accordingly, Halliday has waived his final argument, and we will not address it further. ***See***

_____

[12] ***See*** N.T., 2/18/2016, at 17 ("We actually sent an investigator out, and [Harris] identified that is the man[, Slaughter,] who did the stabbing. And that's why I'm asking for this reduced sentence.").

[13] For example, at closing arguments, Halliday's counsel argued:

> I mean, Judge. I just reiterate, the evidence isn't here. It's pure speculation about this conspiracy to do this. And with regard to the testimony about, that [Halliday] said, well, I didn't -- you know, I didn't stab him, I was fighting him. Well, right. Because Officer Chisholm said [Halliday] was trying to get up. And I was like, no. No. [The officer] told [Halliday], there was a situation, you got to sit here. That's how he knew about the stabbing. I mean, I think that the Commonwealth, and I have a lot of respect for [the prosecutor], I thin[k] they're grasping at straws here. I think that the guilty in this case is the simple assault, and I think everything else is not guilty[.]

N.T., 11/24/2015, at 157-158.

***Commonwealth v. Molina***, 33 A.3d 51, 55 (Pa. Super. 2011) ("it is 'well-settled that a defendant's failure to object to allegedly improper testimony at the appropriate stage in the questioning of the witness constitutes waiver'") (quotation omitted).  ***See also Commonwealth v. Baumhammers,*** 960 A.2d 59, 73 (Pa. 2008) ("it is axiomatic that issues are preserved when objections are made timely to the error or offense"); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.

President Judge Emeritus Bender joins this memorandum.

Justice Fitzgerald concurs in the result.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *12/26/2017*